UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DIANA FRANTZ, as personal representative of the wrongful death estate of Harrison Henry Shepherd | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:18-CV-290 JD<br>) |
| WEXFORD OF INDIANA, et al., | )<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Harrison Henry Shepherd died while incarcerated in the Indiana Department of Correction. His mother, as personal representative of his estate, alleges that he died after being exposed to unspecified substances that were illegally trafficked into the facility. She asserts claims under federal and state law against the State of Indiana; Wexford of Indiana, LLC, the prison's medical services provider; and Aramark Correctional Services, LLC, its food service provider. As to Aramark, she alleges that one of its employees distributed the substances or participated in the chain of distribution, and that Aramark is liable for that conduct either vicariously (under the state claims) or because of a policy, practice, or failure to train that gave rise to the injury (under the federal claims). Aramark moved to dismiss the claims against it, arguing that the complaint does not state a claim for which relief can be granted. For the following reasons, the Court grants the motion to dismiss as to the federal claims but denies the motion as to the state claims.

### I. FACTUAL BACKGROUND

The following facts are taken as true for the purposes of assessing the motion to dismiss. In March 2013, Mr. Shepherd was sentenced to a term of imprisonment in the Indiana

Department of Correction. Mr. Shepherd had been previously convicted for unlawful possession of illegal drugs. In April 2015, while still in custody, Mr. Shepherd was transferred to the Miami Correctional Facility in Indiana. There, he entered or sought to enter the Clean Lifestyle is Freedom Forever, a drug rehabilitation program. However, in August 2015, Mr. Shepherd was transferred to a different section of the prison where he had little or no access to recovery services.

On April 1, 2017, Mr. Shepherd was found in his cell unresponsive, covered in blood, and convulsing in seizures. The complaint alleges that Mr. Shepherd had been exposed to a lethal substance that had been distributed through an illegal market. The complaint further alleges that, after his exposure, Mr. Shepherd was in distress for at least an hour before receiving emergency services, and that there were then delays in getting him out of the prison to be treated at a hospital. Mr. Shepherd could not be revived, and he passed away.

Aramark is a private corporation that has a contract with the State of Indiana to provide food and meal delivery and preparation services within the prison. The complaint alleges that employees of Aramark "knowingly distributed and/or knowingly participated in the chain of distribution of illegal substances to which [Mr. Shepherd] was exposed." [DE 3 ¶ 21]. It also alleges that Aramark "maintained a wrongful policy, practice, custom, or procedure of providing and distributing illegal substances to prisoners and/or failed to adequately train and supervise employees so as to not wrongfully provide and distribute illegal substances to prisoners." *Id.* ¶ 7(b).

Following Mr. Shepherd's death, his mother Diana Frantz was appointed as the personal representative of his estate. She filed a complaint against Aramark and two other defendants in Miami Superior Court. As to Aramark, the complaint first asserts claims under federal law,

seeking to hold Aramark liable for constitutional violations. The complaint also asserts claims under state law, seeking to hold Aramark vicariously liable for claims including wrongful death, tortious interference with familial relationship, and negligence. Aramark removed the case to federal court, and then moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## III. DISCUSSION

Ms. Frantz's complaint asserts claims against Aramark under federal law and state law. The foundation for each of the claims is that Aramark is responsible for Mr. Shepherd being exposed to the substance that caused his death. Aramark moves to dismiss all of the claims for

failure to state a claim. The Court concludes that Ms. Frantz failed to plausibly allege a basis to hold Aramark liable under federal law, but that Aramark has not identified a basis for dismissing the state claims.

**A.  Federal Claims**

Ms. Frantz first asserts federal claims under § 1983, alleging that Aramark violated Mr. Shepherd's[1] constitutional rights because it was responsible, at least in part, for his exposure to the substance that caused his death. Aramark offers multiple arguments in support of dismissal, but the Court need only address one, which is that the complaint fails to allege a basis on which Aramark can be held liable for any violation under *Monell*.

Section 1983 provides a private right of action against persons acting under color of state law who deprive individuals of rights secured by the Constitution. 42 U.S.C. § 1983. However, § 1983 does not impose *respondeat superior* liability. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978); *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). A defendant is liable under § 1983 only when the defendant itself is responsible for the violation, so a corporation is liable only when the violation was caused by an unconstitutional policy or custom of the corporation itself. *Shields*, 746 F.3d at 789. Therefore, to maintain an action against a private corporation under § 1983, the plaintiff must plead:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

---

[1] Though the complaint indicates that Ms. Frantz is bringing this suit on behalf of Mr. Shepherd's estate in her capacity as its personal representative, it also suggests that Ms. Frantz is alleging a violation of her own rights—that by causing Mr. Shepherd's death, the defendants also terminated her familial relationship. Though that claim would be dubious on its merits, *Russ v. Watts*, 414 F.3d 783, 790 (7th Cir. 2005), it would fail against Aramark for the same reasons under *Monell*.

*McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995) (internal quotations omitted); *Johnson v. Cook Cty.*, 526 F. App'x 692 (7th Cir. 2013); *see also Monell*, 436 U.S. 658.

Ms. Frantz focuses on the second of those methods,[2] arguing that Aramark has a widespread practice of distributing illegal substances within the prison and of failing to train its employees not to do so. In the absence of an express policy, a plaintiff can state a claim under *Monell* by alleging a widespread practice that, although unwritten, is so entrenched and well-known as to carry the force of policy. *McTigue*, 60 F.3d at 382; *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). A corporation's failure to train its employees can also constitute a corporate policy if "the failure to train reflects a conscious choice among alternatives that evinces a deliberate indifference to the rights of the individuals with whom those employees will interact." *Rice*, 675 F.3d at 675.

The complaint, however, fails to plausibly allege that Aramark is liable for Mr. Shepherd's injury on either of those bases. Most of the complaint is directed towards Ms. Frantz's claims against the State and Wexford, as it details the course of Mr. Shepherd's incarceration, his exposure to an unknown substance through unspecified means, his reaction and the medical treatment that he received thereafter, and his death. The complaint contains only two allegations implicating Aramark. First, the complaint alleges that, "By information and belief, employees of Defendants Aramark and State knowingly distributed and/or knowingly participated in the chain of distribution of illegal substances to which [Mr. Shepherd] was exposed." [DE 3 ¶ 21]. And second—the only allegation in the complaint in support of *Monell* liability—the complaint alleges that Aramark "at all times material maintained a wrongful

---

[2] Though the complaint uses the word "policy," Ms. Frantz's brief clarifies that she is not alleging an express policy. [DE 22 p. 16].

5

policy, practice, custom, or procedure of providing and distributing illegal substances to prisoners and/or failed to adequately train and supervise employees so as to not wrongfully provide and distribute illegal substances to prisoners." *Id.* ¶ 7(b).[3]

There is no heightened pleading standard for *Monell* claims, *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), but a complaint must still include enough detail to make the claim plausible and to give the defendant fair notice of what conduct is complained of. *McCauley*, 671 F.3d at 618; *McTigue*, 60 F.3d at 382–83; *see Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). These barebones, formulaic allegations do not meet that standard. Though the complaint alleges the legal conclusion that Aramark maintained a wrongful policy or practice, it never supplies any details about what actions attributable to the corporation give rise to such a policy or practice. Nor does it identify any training that Aramark provides or any defect in that training that could be responsible for any violation. As the Seventh Circuit explained in *McTigue*, "Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a municipal policy does exist, are insufficient. The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of section 1983 liability devoid of any well-pleaded facts." 60 F.3d at 382–83 (quoting *Baxter by Baxter v. Vigo Cty. Sch. Corp.*, 26 F.3d 728, 736 (7th Cir. 1994) (alterations omitted)). That is the case here, as the complaint offers a conclusory allegation that a widespread policy exists but no well-pleaded facts to support it. The complaint is also vague as to what role any Aramark employee played in Mr. Shepherd coming into contact with the substance. The combination of those factors deprives

---

[3] The complaint later repeats that allegation in asserting the federal claims, alleging that Aramark caused the violations "through policy, practice, custom, or procedure, or failure to train or supervise," [DE 3 ¶¶ 39, 42], though those allegations are even more barebones and conclusory.

6

Aramark of the notice to which it is entitled as to what it did to violate Mr. Shepherd's rights, and means that the complaint fails to plausibly allege a claim under *Monell*.

The Court therefore grants the motion to dismiss the federal claims. The Court dismisses those claims without prejudice to Ms. Frantz attempting to cure these deficiencies in an amended complaint.

**B.      State Claims**

Aramark also moves to dismiss the claims brought under state law, which seek to hold Aramark vicariously liable for its employee's role in Mr. Shepherd's exposure to the substance. Aramark's sole argument as to these claims is that Ms. Frantz did not plausibly plead causation because she did not identify the particular substance that Mr. Shepherd was exposed to that caused his death.[4] There is no reason that the complaint needs to include such a detail, though. The complaint alleges that Mr. Shepherd was exposed to an illegal substance that was distributed within the prison, and that after his exposure he began to vomit and convulse, became unresponsive, and died. That suffices at this stage to allege that the substance caused his death. The identity of that substance can be a subject of discovery, but the complaint does not fail to state a claim merely because it does not identify the substance. The Court therefore denies the motion to dismiss as to the state claims.

### IV.  CONCLUSION

The Court GRANTS Aramark's motion to dismiss [DE 17] in part and DENIES the motion in part. The federal claims are dismissed without prejudice, though the state claims remain pending.

---

[4] Aramark also argues in passing in its reply brief that the complaint fails to allege factual support for some of the specific state claims, but that argument is waived for being raised for the first time in a reply.

SO ORDERED.

ENTERED: November 7, 2018

                                              /s/ JON E. DEGUILIO
                                      Judge
                                      United States District Court